UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. EDCV 20-2373 MCS (RAO)<br><br>MEMORANDUM AND ORDER RE SUMMARY DISMISSAL |

    On November 10, 2020, Plaintiff Elijah Smith ("Plaintiff"), a detainee proceeding *pro se*, filed a civil complaint ("Complaint"). Compl., Dkt. No. 1. Plaintiff did not pay the filing fee or file a request to proceed in forma pauperis. *See* Dkt. No. 2. For the following reasons, the Complaint is dismissed without leave to amend.

    Plaintiff brings this lawsuit against "Mr. Tucker," "Sheriff Deputy of Los Angeles," the People of the State of California, and the Safety Branch of El Segundo. Compl. at 3-4. He sues the defendants for "$190, zillion dollars." *Id*. at 6. Plaintiff states that the defendants violated his rights at "North Hollywood Mental Health Attorney & Sheriff Department of Los Angeles." *Id*. at 2. Defendant Tucker violated his rights "in fault me doing an[] arson," and Defendant Sheriff Deputy violated his

rights in using "it's [sic] exhibits" and "arson done" "never happen." *Id*. at 3. Defendant People violated Plaintiff's rights by using an attorney and court reporter to falsely imprison him and "going against" him. *Id*. Finally, Defendant Safety Branch of El Segundo failed to do its job "by sending [Plaintiff] over to a psychiatrist" to have medical forms completed "so the truck driving license" could be cleared. *Id*. at 4. In addition to monetary damages, the Complaint requests that Plaintiff's Class C license be cleared to allow Plaintiff to "drive a truck for Swift Trans Truck Driving Company." *Id*. at 6.

Plaintiff's allegations are difficult to decipher, and he provides no discernible legal basis for his Complaint. The Court construes the Complaint as being brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. § 1983.

Plaintiff fails to allege a cognizable Section 1983 claim. To the extent Plaintiff is complaining of the conduct of defendant Tucker, the Sheriff's Department and the Safety Branch of El Segundo, Plaintiff provides no facts to support a Section 1983 claim against any defendant. To the extent Plaintiff is complaining of the conduct of a state attorney, the individual would be entitled to prosecutorial immunity for activities "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976), which includes appearances at hearings. *See Burns v. Reed*,

///

500 U.S. 478, 492, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (applying prosecutorial immunity to pretrial court appearances in criminal proceedings).

Because the Court is persuaded that Plaintiff would be unable to allege any facts based upon the circumstances he challenges that would state a cognizable claim, amendment would be futile in this case. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Additionally, dismissal is appropriate to the extent the Court is unable to decipher facts and claims in the Complaint. *See Ingram v. City of Sacramento*, 564 F. App'x 321 (9th Cir. 2014) (finding district court properly dismissed action "as frivolous because the complaint contains indecipherable facts and unsupported legal assertions").

Based on the foregoing, IT IS ORDERED THAT the Complaint is **DISMISSED**.

DATED: December 21, 2020

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE